**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3757

WINSTON L. MCPHERSON,
                                        Appellant

v.

UNITED STATES OF AMERICA;
STATE OF NEW JERSEY;
DISTRICT ATTORNEY JOHN DOE I;
ASSISTANT DISTRICT ATTORNEY JOHN DOE II;
DETECTIVE JOHN APPLEYARD;
COMMONWEALTH OF PENNSYLVANIA;
PHILADELPHIA COUNTY;
DISTRICT ATTORNEY LYNNE ABRAHAM;
ASSISTANT DISTRICT ATTORNEY PAUL LAUGHLIN;
ASSISTANT DISTRICT ATTORNEY HUGH COLIHAN;
DETECTIVE JAMES DOUGHERTY;
DETECTIVE LEON LUBIEJEWSKI

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cv-06119)
District Judge: Honorable Susan D. Wigenton

Argued July 15, 2010

Before: FUENTES and VANASKIE, <u>Circuit</u> <u>Judges</u>, and
DITTER,[*] <u>Senior</u> <u>District</u> <u>Judge</u>

(Opinion Filed : September 2, 2010)

Winston L. McPherson
Dallas SCI
1000 Follies Road
Dallas, PA 18612-0000

    <u>Pro Se Appellant</u>

Ryan A. Ulloa (Argued)
Jennings F. Durand, Esq.
Carolyn H. Feeney, Esq.
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

    <u>Amicus Counsel on Behalf of the Court</u>

Sharon Swingle, Esq.  (Argued)
Douglas N. Letter, Esq.
Robert M. Loeb, Esq.
United States Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0000

    <u>Counsel for Defendant - Amicus Appellee</u>

---

OPINION OF THE COURT

---

[*]Honorable J. William Ditter, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

VANASKIE, Circuit Judge.

Winston McPherson, presently confined in the Pennsylvania prison system on a murder conviction, brought a civil rights action in the District of New Jersey seeking monetary relief on the ground that New Jersey and Pennsylvania law enforcement officials denied him his right to consular notification under the Vienna Convention on Consular Relations ("Vienna Convention"). The District Court sua sponte dismissed McPherson's complaint, concluding that the Vienna Convention does not create an individual right that is enforceable in domestic courts, and that McPherson's suit is barred by the statue of limitations. Without deciding whether the Vienna Convention confers an individual right to consular notification, we agree with the District Court that McPherson's suit is time-barred. Accordingly, we will affirm the judgment of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

McPherson is a Jamaican citizen who emigrated to the United States in 1986. He alleges that he was arrested in 1988 and again in 1993, but neither arrest led to a conviction. McPherson claims that at no point during those arrests did police tell him that he had a right to consult with the Jamaican consulate.

In 1995, New Jersey law enforcement officials took McPherson into custody for

3

questioning regarding a robbery. While McPherson was detained, questioning turned to a murder that took place in Philadelphia. He was eventually extradited to Pennsylvania, tried before a jury for murder, and found guilty on January 12, 1996.[1]

McPherson then challenged his conviction in state and federal court. In 1998, McPherson filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat § 9541, et seq. The Court of Common Pleas appointed counsel, who submitted a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), stating that McPherson's petition lacked merit. The Court of Common Pleas subsequently dismissed the petition. McPherson obtained new counsel and appealed. In a brief served on June 14, 1999, McPherson argued that his prior counsel was constitutionally ineffective for failing to raise the violation of his rights under Article 36 of the Vienna Convention.[2] The Superior Court affirmed the dismissal of

---

[1]The date of McPherson's conviction was not included in the record before us, but it was reflected in the records for McPherson's earlier criminal and civil proceedings. We can, and will, take judicial notice of the official record of prior court proceedings. See United States ex rel. Geisler v. Walters, 510 F.2d 887, 890 n.4 (3d Cir. 1975) (taking judicial notice of briefs and petitions from prior habeas corpus proceedings to make "a full and proper record").

[2]Article 36, in pertinent part, provides:

> [I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in

(continued...)

4

McPherson's PCRA petition. Commonwealth v. McPherson, 754 A.2d 20 (Pa. Super. Ct. 2000). The Supreme Court of Pennsylvania denied allocatur. Commonwealth v. McPherson, 759 A.2d 921 (Pa. 2000).

In 2001, McPherson filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. McPherson argued, again, that his prior counsel was ineffective for failing to allege that his right to consular notification under the Vienna Convention was violated. The District Court denied the petition. As to the ineffective assistance claim concerning his alleged rights under the Vienna Convention, the District Court concluded that McPherson could not show that his defense to the murder charge was prejudiced by the failure to confer with the Jamaican consulate. McPherson v. Lavan, No. Civ. 01-3499, 2002 WL 32341785, at *1 (E.D. Pa. Dec. 30, 2002). We denied McPherson's request for a certificate of appealability on June 24, 2003.

On December 26, 2007, McPherson filed the present suit against various governmental entities and officials, seeking damages for the alleged violation of the

_____

[2](...continued)
> prison, custody or detention shall also be forwarded by the
> said authorities without delay. The said authorities shall
> inform the person concerned without delay of his rights under
> this sub-paragraph.

Vienna Convention on Consular Relations art. 36, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.

Vienna Convention. McPherson also contended that the failure to provide consular notification violated his rights under the Fifth, Sixth, and Fourteenth Amendments. McPherson asserted jurisdiction under 42 U.S.C. § 1983 and the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350.

Because McPherson brought his action in forma pauperis and sought redress from the government, the District Court reviewed the complaint sua sponte for possible dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Both provisions require the court to dismiss a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court dismissed McPherson's claims against the State of New Jersey, the Commonwealth of Pennsylvania, the United States of America, and various prosecutorial defendants, concluding that they are immune from suit. McPherson v. United States, No. 2-07-cv-06119, 2008 WL 2985448, at *5-6, *11 (D.N.J. July 31, 2008). McPherson does not challenge these rulings. The District Court also dismissed the claims arising under the Fifth, Sixth, and Fourteenth Amendments, concluding that they are barred by Heck v. Humphrey, 512 U.S. 477 (1994). McPherson, 2008 WL 2985448, at *10.

The District Court dismissed McPherson's remaining claims arising under the Vienna Convention for two independent reasons. First, the Court concluded that the Vienna Convention does not create an individual right that is enforceable in United States

6

courts. Id. at *8. Alternatively, the District Court held that McPherson's claims were barred by the New Jersey two-year statute of limitations that governs personal injury actions and is deemed applicable to civil rights actions. Id. at *9.

McPherson appealed, and we issued an order inviting the parties to submit briefs addressing three issues: first, whether a foreign national who is not informed of his right to consular notification under the Vienna Convention has any individual remedy in domestic courts; second, whether a claim under the Vienna Convention may be barred by the United States Supreme Court's holding in Heck v. Humphrey; and third, whether a district court may sua sponte dismiss a complaint pursuant to 28 U.S.C. § 1915(e) on statute of limitations grounds. The United States submitted an amicus brief urging us to affirm the judgment of the District Court. We subsequently appointed counsel to file an amicus brief in support of McPherson.[3]

II.

We have jurisdiction over McPherson's appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of the complaint is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We accept McPherson's factual allegations as true and draw all reasonable inferences in his favor. See id.

McPherson argues that the District Court's dismissal of his complaint as time-

---

[3]Mr. Ulloa is an eligible law student permitted to enter an appearance pursuant to Local Civil Rule 46.3. We commend Mr. Ulloa on his advocacy and appreciate the participation of amici in this matter.

barred was wrong on both procedural and substantive grounds. As a procedural matter, McPherson contends that sua sponte dismissal on statute of limitations grounds is inconsistent with our holding in Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). On substantive grounds, McPherson contends, without substantiation, that equitable tolling may allow him to pursue this action long after the limitations period otherwise expired.

A.

Ray concerned a provision of the Prison Litigation Reform Act ("PLRA") that states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While recognizing that the statute clearly requires plaintiffs to exhaust their administrative remedies, we rejected a pleading rule that would have required a complaint to allege facts demonstrating exhaustion. Rather, we held that "failure to exhaust is an affirmative defense to be pleaded by the defendant." Ray, 285 F.3d at 295.

We also found that the court below erred in sua sponte dismissing a complaint that did not demonstrate that the plaintiff exhausted administrative remedies. Id. We relied primarily on the text of §1997e, which provides for sua sponte dismissal if a complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Ray, 285 F.3d at 296 (citing 42 U.S.C. § 1997e(c)(1)). We also noted that the statute explicitly allows a court

8

to dismiss a complaint "without first requiring the exhaustion of administrative remedies." Id. (citing 42 U.S.C. § 1997e(c)(2)). We concluded, under the principle of expressio unius est exclusio alterius, that the omission of "failure to exhaust" from the grounds for sua sponte dismissal indicated Congressional intent not to include failure to exhaust as a reason justifying dismissal. Id.

McPherson argues that Ray stands for the general proposition that a court may not sua sponte dismiss a complaint on the basis of any affirmative defense, including the statute of limitations. To be sure, a limitations defense is an affirmative defense. See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). Ray, however, does not go as far as McPherson claims. This Court has long recognized that the statute of limitations can serve as the basis for dismissal under Fed. R. Civ. P. 12(b)(6), as long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (internal quotation marks omitted). This principle is consistent with our observation in Ray that, "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint." Ray, 285 F.3d at 297. Ray's failure to exhaust was not apparent from the face of his complaint, so sua sponte dismissal was not appropriate.

The fact that a claim has not been brought within the statue of limitations, however, may be apparent from the face of a complaint. The United States Supreme

9

Court, while agreeing that failure to exhaust under the PLRA is an affirmative defense and that plaintiffs need not demonstrate exhaustion in their complaints to survive dismissal, nonetheless recognized that a court may dismiss a complaint for failing to state a claim when its allegations show that the complaint is not timely. The Court noted that "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to make a claim; that does not make the statute of limitations any less an affirmative defense." Jones v. Bock, 549 U.S. 199, 215 (2007). The factual allegations in the complaint, not the label of "affirmative defense," control the court's decision whether to dismiss the suit. "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Id.

Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not sua sponte dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001); Nasim v. Warden,

10

Maryland House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc); Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995).[4]  We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

B.

Turning now to the substantive limitations analysis, we have little difficulty concluding that the untimeliness of McPherson's action is apparent from the face of the complaint.  McPherson's § 1983 claim accrued when he "knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).  Thus, the claim accrued at least as early as 1995, when the arresting agents failed to inform him of his Vienna Convention rights, but certainly no later than January 12, 1996, the date of McPherson's conviction.  See Bieregu v. Ashcroft, 259 F. Supp. 2d 342, 355 (D.N.J. 2003) (noting that the plaintiff's claim under the Vienna Convention accrued when the law enforcement officers failed to inform him of his rights under Article 36, and to the extent that plaintiff relied upon a "continuing wrong" theory, no later than the date of his conviction).

---

[4]Additionally, district court judges within the Third Circuit have long held that a court may sua sponte dismiss complaints on statute of limitations grounds. See, e.g., Cason v. Arie St. Police Dept., Civil No. 10-497 (KSH), 2010 WL 2674399, at *5-6 (D.N.J. June 29, 2010); Derrickson v. Nolan, No. 2:08-cv-668, 2008 WL 2888621, at *4-5 (W.D. Pa. July 23, 2008); Moody v. Sussex Corr. Inst., No. Civ. A. 01-374-SLR, 2002 WL 450083, at *2-3 (D. Del. Mar. 11, 2002); Johnstone v. United States, 980 F. Supp. 148, 154-55 (E.D. Pa. 1997).

11

The statute of limitations for personal injury actions in the state where McPherson's § 1983 claim arose supplies the applicable limitations period. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The District Court assumed that McPherson's action arose in New Jersey, not Pennsylvania. We need not determine whether the District Court chose correctly, as New Jersey and Pennsylvania both have a two-year limitations period for personal injury actions. See N.J. Stat. Ann. § 2A:14-2; 42 Pa. Cons. Stat. § 5524. Because McPherson's claim accrued no later than January 12, 1996, the statutes of limitations of New Jersey and Pennsylvania required McPherson to have filed his suit by January 12, 1998. McPherson did not initiate this action until December 26, 2007.

McPherson contends that equitable tolling is warranted because law enforcement officials "actively misled" him regarding his Vienna Convention rights. "State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled." Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). New Jersey or Pennsylvania equitable tolling principles might allow McPherson's suit to proceed if he could show that, through no fault of his own, he had been unable to present this action earlier. See Binder v. Price Waternouse & Co., 923 A.2d 293, 312 (N.J. Super. Ct. App. Div. 2007) (noting that equitable tolling can apply where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or "where a plaintiff has in some extraordinary way

12

been prevented from asserting his rights") (internal quotation marks omitted); <u>Uber v. Slippery Rock Univ. of Pa.</u>, 887 A.2d 362, 366 (Pa. Commw. Ct. 2005) (noting that equitable tolling applies "where the defendant actively misleads the plaintiff regarding the cause of action," or "where extraordinary circumstances prevent the plaintiff from asserting his rights").

But McPherson cannot make the requisite showing. Even if we assume that law enforcement officials misled McPherson at the time of his arrest and conviction, it is undeniable that McPherson knew about his right to consular notification under the Vienna Convention since at least 1999. As evidenced by the June 14, 1999 brief written on his behalf in his PCRA proceedings, McPherson knew of his rights more than eight years before he filed this suit. In light of these facts, McPherson's invocation of equitable tolling is unavailing.

It is true, as McPherson argues, that federal tolling principles apply "[w]hen the state tolling rules contradict federal law or policy." <u>Lake</u>, 232 F.3d at 370. But McPherson also cannot avail himself of federal equitable tolling rules. "To be successful in asserting this exception to the statute of limitations, [the plaintiff] must show that he or she exercised reasonable diligence in investigating and bringing [the] claims . . . . Mere excusable neglect is not sufficient." <u>Robinson</u>, 313 F.3d at 142 (internal quotation marks omitted). McPherson has not exercised reasonable diligence in pursuing his claim. He waited nearly 12 years after his conviction, and more than eight years after he undeniably

13

knew of his Vienna Convention rights, before commencing this action. McPherson's § 1983 claim is time-barred.

Finally, to the extent McPherson asserts a claim under the Alien Tort Statute, this claim is also barred by the statute of limitations. Although the ATS does not include a statute of limitations, other courts have found that the statute carries a ten-year limitations period by applying the ten-year statute of limitations governing claims under the Torture Victim Protection Act, 28 U.S.C. § 1350, note 1. See, e.g., Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005); Papa v. United States, 281 F.3d 1004, 1012 (9th Cir. 2002). Even if we assume that a ten-year statute of limitations is appropriate with respect to McPherson's Vienna Convention claim, and that the defendants "actively misled" McPherson about his rights in a way that could toll the statute of limitations, the claim is still untimely. The ten-year statute would have expired, at the latest, in January of 2006. Even assuming McPherson did not know of the alleged violation of the Vienna Convention until 1999, he still had more than six years on the ten-year limitations period to bring this suit. The doctrine of equitable tolling imposes on the plaintiff the obligation to exercise reasonable diligence in not only investigating, but also bringing the claims. Robinson, 313 F.3d at 142; New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997). As the Seventh Circuit has observed:

> When as here the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring the suit within the statutory period and should have done so. . . . [A]

14

> plaintiff who invokes equitable tolling to suspend the statute
> of limitations must bring suit within a reasonable time after he
> has obtained, or by due diligence could have obtained, the
> necessary information.

Cada v. Baxter Healthcare Corp., 920 F.2d 446, 453 (7th Cir. 1990).  McPherson knew of his rights by 1999.  He waited more than eight years after that to initiate this action.  That is not a reasonable amount of time.  Consequently, McPherson's ATS claim is also barred by the statute of limitations.

### III.

Having determined that McPherson's suit is untimely, we need not decide whether the Vienna Convention confers any individual rights enforceable in U.S. courts, or whether a claim under the Vienna Convention may be barred by Heck v. Humphrey.  The judgment of the District Court will be affirmed.

15