**Jesus Alberto Mejia HERRERA, Appellant**

v.

**Alexander TOTH; Jose Almanza; Gray Ted Ganji, Jr.; Alphonso G. Andrews, Jr.; Inspector Patrick Wallace; Austin Lescott; Jude Mathew; Corporal Andrew Nichols; Corporal Sylvester Mason.**

No. 08–4167.

United States Court of Appeals, Third Circuit.

Submitted for a Decision on the Issuance of a Certificate of Appealability and for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 6, 2010.

Opinion Filed: Jan. 6, 2011.

Jesus Alberto Mejia Herrera, Philipsburg, PA, pro se.

Angela P. Tyson–Floyd, Esq., U.S. Atty. VI, Office of United States Attorney, Christiansted, VI, for Alexander Toth; Jose Almanza; Gray Ted Ganji, Jr.; Alphonso G. Andrews, Jr.; Inspector Patrick Wallace; Austin Lescott; Jude Mathew; Corporal Andrew Nichols; Corporal Sylvester Mason.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Jesus Alberto Mejia Herrera appeals from an order of the District Court of the Virgin Islands, which dismissed his complaint. We will affirm, albeit on a different basis.

Herrera, who is apparently a citizen of Colombia, filed in the District Court a document titled, "Civil Action for Compensatory, Nominal or Punitive Damage to Remedy from Violations of the Plaintiff's IV, V, and VI Amendment Rights and to the Right of the Vienna Convention on Consular Relationship." In the document, he sought damages due to alleged violations of his constitutional rights, and sought compensation due to alleged violations of the Vienna Convention on Consular Relationships. Herrera claimed the violations occurred in connection with events concerning his arrest and convictions for conspiracy to import marijuana in

violation of 21 U.S.C. §§ 952(a), 960(b)(1), and 963; and for possession of a controlled substance aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C.App. § 1903, and 18 U.S.C. § 2. Herrera sought to bring his claims pursuant to 42 U.S.C. § 1983[1] and the Alien Tort Statute, 28 U.S.C. § 1350.[2]

The District Court construed Herrera's filing as a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. As Herrera had previously filed a § 2255 motion, the District Court dismissed the filing as an unauthorized second or successive application for habeas relief. See 28 U.S.C. §§ 2244(b)(3) and 2255. Herrera filed a timely notice of appeal. On May 26, 2010, we stayed the appeal pending a decision in McPherson v. United States, C.A. No. 08-3757, because similar issues were being considered in that case. After McPherson was decided; see McPherson v. United States, 392 Fed. Appx. 938 (3d Cir.2010), we asked the parties in this appeal to comment regarding the effect, if any, of the McPherson opinion on this appeal; specifically, whether Herrera's claims are barred by the statute of limitations. The Government has responded; Herrera has not.[3]

We disagree with the District Court's characterization of Herrera's filing as a § 2255 motion. Many of the claims raised by Herrera could have been brought on direct appeal or in a § 2255 motion, as a means of challenging his conviction. However, the complaint Herrera filed in the District Court explicitly asked for compensatory, nominal, or punitive damages, not release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (request for immediate or speedier release from confinement is core of habeas corpus); Copus v. City of Edgerton, 96 F.3d 1038 (7th Cir.1996) (per curiam) (district court not authorized to convert a § 1983 action into § 2254 action because of disadvantages to litigant). Herrera argues in his complaint and on appeal here that the main claim he wants to bring is his Vienna Convention claim, and that the other claims are simply made to bolster that claim. See Complaint, at 27–28; Brief, at 14–15.[4] We thus find that the District Court should have treated the filing as a civil rights complaint.

Nevertheless, we find that the District Court properly dismissed the complaint.

1. It appears that at least some of the defendants named in Herrera's complaint are federal officials. An action filed against federal officials alleging a violation of constitutional rights is properly brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), while actions against state officials are properly brought pursuant to § 1983. Lora–Pena v. F.B.I., 529 F.3d 503, 505 n. 1 (3d Cir.2008). For ease of reference, we will simply refer to Herrera's claims of this type as § 1983 claims.

2. Specifically, Herrera sought to raise four claims: (1) the District Court lacked subject matter jurisdiction over his criminal case; (2) violation of his 4th, 5th and 6th Amendment rights (this appears to relate to his claim that he was denied a lawyer during interrogation in St. Kitts); (3) arbitrary extradition; and (4) violation of the Vienna Convention (he states that he was not given an opportunity to contact the Colombian consulate even though he requested to do so).

3. The Federal Inmate Locator indicates that Herrera was released from prison on August 3, 2010. The Court order was sent to Herrera's address in Colombia.

4. No briefing schedule was issued in this case, as the case was initially listed for a decision on the issuance of a certificate of appealability, and was later listed for possible summary action. Nonetheless, Herrera filed a "Brief" in November 2008, which we will consider in conjunction with the Government's response.

The facts, claims, and legal issues in this case are very similar to those we considered in *McPherson*. In that case, we determined, without deciding whether the Vienna Convention confers an individual right enforceable in domestic courts, that McPherson's complaint was barred by the statute of limitations. *McPherson*, 392 Fed.Appx. at 940–41.

■ The same holds true here. Herrera's claims accrued when he knew or should have known of the violations involved. Because the incidents described in Herrera's complaint involve his arrest and conviction, he was aware of the problems as early as his arrest in February of 1993, and no later than May 6, 1993, the date of his conviction. As we noted in *McPherson*, a claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations as a personal injury claim in the state where the claim arose. *McPherson*, 392 Fed.Appx. at 940–41 citing *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) and *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir.2000). Herrera's arrest took place in the Virgin Islands, and thus the applicable statute of limitations is the Virgin Islands' statute of limitations for personal injury actions, which is two years. V.I.Code Ann. Tit. 5, § 31(5)(A). Herrera's claims were thus due, at the latest, in May of 1995.

■ McPherson and Herrera also both sought to raise claims pursuant to the Alien Tort Statute. We noted in *McPherson* that a ten-year limitations period extends to such claims. Herrera's complaint, filed in 2008, was several years too late. We further agree with the Government that even if equitable tolling could be applied, it is highly unlikely that Herrera could "show that he has exercised reasonable diligence in pursuing or investigating his claim" in order to warrant equitable tolling of the limitation periods. Government Response at 4; *see McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir.2007) (person seeking equitable tolling must show he diligently pursued rights and extraordinary circumstances stood in his way).

As Herrera's complaint was untimely, the District Court should have dismissed the complaint for that reason. *See McPherson*, 392 Fed.Appx. at 943–44 (district court may dismiss complaint *sua sponte* where statute-of-limitations defense is clear from face of complaint); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). We will therefore affirm the District Court's judgment. *Kabakjian v. United States*, 267 F.3d 208, 213 (3d Cir. 2001) (appellate court may affirm district court on grounds different from those relied on by district court).[5]

---

5. As Herrera's district court filing was not a § 2255 motion, we deny a certificate of appealability as unnecessary.